Trott v. Hamlin decides that an action will not lie against executors where the plea is not guilty. I am inclined to think that where it is a part of the judgment as formerly rendered, quod defendens capiatur, the action will not lie against executors. Judgments formerly concluded that the defendant either should be in misericordia or that he should be fined,et quod capiatur pro fine; and this was in the nature of a punishment to which executors were never liable. They succeed to the estate and become subject to such actions only as demand a satisfaction from that, not to the offenses and punishments due to their testators; and the judgment in the action of trover is not quod capiatur. 8 Re., 59 b. It was in substance only an action of property. If this position be true, the reason why an action will not lie against executors will not apply to this case. There have been many decisions in this country that the action of trover will lie against executors; and the reason they have gone upon is generally stated to be that the estate of the testator ought to be liable where it has been benefited by the conversion. The example is usually put of killing my bullock and eating him, or taking my bullock and selling him; but I can see no difference, in point of justice, between these examples and that of taking my bullock and giving him away so that the owner loses him. The injury to the owner is as great in the latter instance as in the former.
At the last Wilmington term the Court had such a case under consideration, and decided against the executors, and against Hamly v.Trott, upon the authority of the cases formerly decided in this country. One great reason of that decision was to prevent a (364) defect of justice; for where the property is tortiously taken and disposed of, or given away, as here, the action upon the case for an assumpsit will not lie against the executors, trespass will not lie against the executors, and if trover will not, the injured party is without redress, although it is evident some action of property should be maintainable. We will consider further of this case.
Afterwards, at Salisbury, during the sitting of the Court there the next term, WILLIAMS and HAYWOOD, JJ., certified that this action was maintainable against the executors, and directed the clerk to enter up judgment, and to issue execution thereupon.
See McKinnie v. Oliphant, ante, 4. *Page 284